UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KERRY R. HICKS,** | ) | **CASE NO. 1:09MC7** |
| | ) | |
| Plaintiff, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **AMENDED MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| **THE CADLE COMPANY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

       This Memorandum Opinion and Order arises out of the motion of Plaintiff Kerry Hicks ("Hicks") for an award of sanctions, including attorneys' fees and costs, pursuant to this Court's inherent power, and for costs incurred pursuant to 28 U.S.C. §§ 1920 and 1921. (Doc. No. 24.) Defendants The Cadle Company; Buckeye Retirement Co., LLC, Ltd.; William Shaulis; and Daniel Cadle (collectively, "Defendants") have filed an opposition (Doc. No. 25) and Hicks has filed a reply (Doc. No. 26). For the reasons that follow, Hicks's motion is **GRANTED IN PART** and **DENIED, WITHOUT PREJUDICE, IN PART**.

## I. FACTUAL AND PROCEDURAL HISTORY

       This case originally began in the U.S. District Court for the District of Colorado (the "District of Colorado") on a supplemental complaint filed by Hicks against Defendants. The Honorable Zita Weinshienk, Senior Judge of the United States District Court for the District of Colorado, ordered that the complaint be referred to arbitration. (Doc. No. 24 Ex. N at 2.) The parties underwent two separate arbitrations, which resulted in a combined award to Hicks of $2,363,077.77, and Judge Weinshienk entered final judgment against Defendants on October 10, 2008. (Doc. No. 1.) As Defendants did not possess sufficient assets in Colorado to cover the judgment amount, Hicks moved to register the judgment in this Court pursuant to 28 U.S.C. §

1963, which the District of Colorado granted on January 27, 2009. (*Id.*) Judgment was registered in this Court on February 5, 2009. (*Id.*)

Defendants appealed final judgment to the U.S. Court of Appeals for the Tenth Circuit, and, on November 24, 2008, moved to stay execution of final judgment pending appeal. (Doc. No. 26 Ex. T.) Alternatively, Defendants stated that they would "file a supersedeas bond upon direction from the Court as to the amount and terms of the bond," but requested that they be able to post the supersedeas bond in the form of certificates of deposit. (*Id.*) On December 10, 2008, Judge Weinshienk denied both the stay and the alternative request to post the supersedeas bond using certificates of deposit, and ordered that "the appropriate amount of any supersedeas bond posted by Defendants in this case would be $2,363,077.77 [. . .]." (Doc. No. 24 Ex. C.)

Hicks argues that, since judgment was entered against them, Defendants have engaged in a series of bad faith actions and representations aimed at delaying the posting of a supersedeas bond, which was ultimately approved by the District of Colorado on February 27, 2009. (Doc. No. 8.) Hicks claims that these actions have caused him to incur substantial unnecessary expenses to enforce the judgment. Under this Court's inherent power, Hicks seeks sanctions, including attorneys' fees and costs, against Defendants, as well as payments made to the U.S. Marshal's Service under 28 U.S.C. §§ 1920 and 1921.

## II. LAW AND ANALYSIS

### A. Costs under 28 U.S.C. §§ 1920 and 1921

Hicks seeks $756.18 in costs incurred in seeking writs of execution from the Clerk for the Northern District of Ohio, which were given to the U.S. Marshal's Service for enforcement of the judgment. 28 U.S.C. § 1921(a)(1)(A) provides that "[t]he United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for [. . .]

serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding." Further, 28 U.S.C. § 1920(1) provides that "[a] judge or clerk of any court of the United States may tax as costs [. . .] [f]ees of the clerk and marshal." Costs listed in §§ 1920 and 1921 are to be awarded "as of course to the prevailing party," *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359-60 (6th Cir. 2007) (quoting Fed. R. Civ. P. 54(d)(1)), and in any event, Defendants have not objected to Hicks recovering those costs. Therefore, Hicks's motion with respect to $756.18 in costs is **GRANTED**.

### B. Sanctions under this Court's inherent power

Hicks also asks that this Court award sanctions, including attorneys' fees and costs, to punish Defendants' alleged bad faith conduct in seeking a supersedeas bond. This case is before this Court solely as a registration of judgment action under 28 U.S.C. § 1963. The purpose of § 1963 is "to simplify and facilitate the enforcement of federal judgments, . . . to eliminate the necessity and expense of a second lawsuit, and to avoid the impediments, such as diversity of citizenship, which new and distinct federal litigation might otherwise encounter." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) (citations omitted; ellipsis in original); *see also In re Joint Eastern & Southern Dists. Asbestos Litig.*, 22 F.3d 755, 763 (7th Cir. 1994) (quoting *Coleman v. Patterson*, 57 F.R.D. 146, 149 (S.D.N.Y. 1972)); *Stanford v. Utley*, 341 F.2d 265, 270 (8th Cir. 1965). Accordingly, the Sixth Circuit has "recognize[d] that [§ 1963] must imply [. . .] inherent powers to the registering court to enforce those judgments," such as "attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." *Condaire*, 286 F.3d at 357 (quoting *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)).

Hicks, however, does not ask this Court to use its inherent power to enforce his judgment against Defendants or to punish Defendants' conduct with respect to execution of judgment. Rather, Hicks moves for sanctions based on Defendants' alleged bad faith conduct and representations related to posting the supersedeas bond. This case is before this Court only for the limited purpose of facilitating enforcement of judgment; the amount and terms of the supersedeas bond were set in the District of Colorado, the parties briefed the issues relating to the bond in the District of Colorado, and the District of Colorado accepted the bond. Given that this Court has no connection to the issues underlying Defendants' posting of a supersedeas bond, and given the limited reason for this Court having jurisdiction under 28 U.S.C. § 1963, the Court is highly reluctant to entertain a motion for sanctions for conduct relating to the bond. This issue is more appropriately resolved by the District of Colorado, which is significantly more familiar with the issues underlying the posting of the supersedeas bond.

This Court's hesitation to entertain Hicks's motion is further reinforced by principles of comity. Hicks alleges that Defendants made willful misrepresentations in documents filed in the District of Colorado. (*See* Doc. No. 26 at 6 & Ex. T.) Hicks further alleges that Defendants "flouted" the District of Colorado's order to timely post a supersedeas bond. (*See* Doc. No. 24 at 9-10 & Ex. C.) If true, these are very serious violations of duties owed to the District of Colorado, and the District of Colorado accordingly has a strong interest in sanctioning that conduct. *See Vorys, Sater, Seymour & Pease v. Am. Citigas Co.*, 114 F.3d 1190 (Table), 1997 WL 243251, at *2 (6th Cir. May 9, 1997) ("[A] district court has a strong interest in regulating the conduct of attorneys who practice before it."); *Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984) ("[T]he district court has the duty and responsibility of supervising the conduct of attorneys who appear before it."); *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d

4

651, 663 (E.D. Va. 1999) (a court has inherent power "to sanction and discipline attorneys for 'bad faith' litigation practices occurring before it). To entertain Hicks's motion would undermine the District of Colorado's interests in regulating the conduct of attorneys practicing before it.

For these reasons, the Court finds that, based upon the facts of this case, it would be more proper for the District of Colorado to consider Hicks's motion for sanctions. That court is significantly more familiar with the issues involved in the posting of the supersedeas bond and has a substantial interest in regulating the conduct alleged by Hicks. Accordingly, Hicks's motion with respect to sanctions under this Court's inherent power is hereby **DENIED, WITHOUT PREJUDICE**. If he so decides, Hicks may file his motion in the District of Colorado, which can appropriately consider whether sanctions are merited. *See, e.g.*, *Comcast of IL X v. Multi-Vision Elecs., Inc.*, 504 F. Supp. 2d 740, 746 (D. Neb. 2007) ("[B]ecause sanctions are collateral to the merits of the case, sanctions may properly be considered by the district court even when the merits are no longer before it." (citing *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998))).

## III. CONCLUSION

For the foregoing reasons, Hicks's motion (Doc. No. 24) is **GRANTED** with respect to costs under 28 U.S.C. §§ 1920 and 1921 and **DENIED, WITHOUT PREJUDICE** with respect to sanctions under this Court's inherent power. Defendants are liable, jointly and severally, for $756.18 in costs to Hicks.

**IT IS SO ORDERED**.

Dated: July 9, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**